RICHARD R. ROBY, *et al.* plaintiffs in error, *vs.* LUCIUS J. BOSWELL, (by next friend,) defendant in error. ,

[1.] The Act of 1845, "to change and point out the mode of inheritance, in certain cases therein mentioned," divests no right of a *feme-sole,* who before the passing of the Act, was entitled to property by inheritance. The property vests in her.

[2.] The Constitution of the United States, so far as it inhibits a State from passing a law impairing the obligation of contracts, applies to contracts existing at the time of the enactment of the statute.

[3.] The marital rights of a husband who, after the passing of the Act of 1845, intermarries with a lady having a child by a former marriage, and who is entitled to property by inheritance from a father who died anterior to the passage of that Act, are regulated by that Act, and attach to the part only to which the wife would be entitled under its provisions.

In Equity, from Lee Superior Court. Tried before Judge ALLEN, at March Term, 1857.

This bill was filed by James J. Keaton, (as the next friend of Lucius J. Boswell,) against Richard R. Roby and John B. Vanover, and charges that in 1845, Thomas Howard of the county of Baker departed this life intestate, leaving a large estate both real and personal. That he left a number of children, among whom was his daughter Mrs. Malinda Boswell, wife of William Boswell and mother of Lucius J., who was born in the life time of his grand-father the said Thomas. After the death of said Thomas, and after the said William Boswell had received a portion of his distributive share of the estate, in right of his wife, he died, leaving his wife, the said Malinda, and the said Lucius J., as his only heirs and distributees. After the death of her husband the said Malinda intermarried with Roby, the defendant; and the administrator of Thomas Howard's estate dying, administration *de bonis non* was granted to John B. Vanover, who proceeded to the final administration and distribution of said estate, and who, from the proceeds of lands sold and notes collected, paid over to Roby about the sum of three thousand dollars, as the residue of the share of his wife in her father's

estate. That Roby claims the whole of said sum as his own in right of his wife, and denies that said Lucius J. Boswell is entitled to any part thereof. That Roby is guardian of said Lucius. The bill prays that one-half of said amount be decreed to belong to said minor, and that Roby be compelled to account for the same as a part of the estate of his ward.

Roby answered the bill, and admitted the death of Thomas Howard as stated in the bill. But denied that Malinda married Boswell in the life time of her father; but that said marriage and the birth of the said Lucius did not take place until after Thomas Howard's death. He further answers, that Boswell, her first husband, received his share of the negroes and of the estate before his death, which happened in the latter part of the year 1846, and this is the only portion of said estate he reduced to possession in his life time. On the 1st August, 1847, he intermarried with said Malinda, and he insists, that by virtue of said marriage, he became entitled, in right of his wife, to receive from the administrator all the residue of his wife's share in her father's estate, not received and reduced to possession by her first husband. And he admits that he received from the proceeds of real estate sold, the sum of $1252,43, on the 20th January, 1849. And from the notes, &c., collected, he received in the years 1848 and 1849, the sum of $986.92, which amounts he insists belong exclusively to himself, and that said Lucius J. Boswell is entitled to no part of the same.

The case was submitted upon the bill and answer.

Counsel for defendant requested the Court to charge the jury that complainant was not entitled to recover, for the reason that it appears by the answer which is admitted to be true, that Thomas Howard, the grand-father of complainant, departed this life before the marriage of his mother Malinda with William Boswell, and before the birth of said complainant, and before the passage of the Act of the General Assembly of 1845.

The Court refused to charge as requested, but charged the jury that under the facts of this case, as appears from defendant's answer, the complainant is entitled to recover. To which charge and refusal to charge defendant's counsel excepted.

The jury found for complainant one-half the sums received by Roby, with interest thereon from the time received.

Whereupon, counsel for defendant tender their bill of exceptions, and assign as error the charge and refusal to charge above excepted to.

VASON & DAVIS, for plaintiffs in error.

R. H. CLARK, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

This cause went to trial on the bill and answer. The answer was the only evidence in support of complainant's cause, and the charge of the Court, which is made the ground of exception, must be construed as it was given, in reference to the admissions of the answer. According to the answer, then, Thomas Howard, the father of Mrs. Roby, died in January, 1845. She first intermarried with William Boswell. This marriage took place after the death of her father, in the latter part of the same year. William Boswell departed this life in the latter part of the year 1846, leaving his widow, the present Mrs. Roby, and one child, the complainant, surviving him. William Boswell received from the administrator of the estate of the deceased father of his wife, her distributive share of the slaves to which she was entitled as one of his heirs at law. He reduced no other part of her share of the estate to his possession.

The administrator died afterwards, and administration *de bonis non* was granted to Vanover.

In August, 1847, defendant, Roby, intermarried with the widow of Boswell, by which marriage, he insists that he

became entitled to that part of the estate of her deceased father which survived to his wife on the death of her first husband.

Under this construction of his marital rights, the administrator paid to him the portion of the proceeds of the real estate of his wife's deceased father to which she was entitled. From the sale of other portions of said intestate's estate, he received, on the same account, $986.92. The defendant's counsel asked the Court to charge the Jury, that complainant was not entitled to a decree in this case, because it appears by the answer of the defendant, which is admitted by complainant to be true, that Thomas Howard, the grand-father of the complainant, Lucius Boswell, departed this life before the marriage of his mother Malinda, and before his birth, and before the passage of the Act of the Legislature of 1845. The Court refused to give this charge, and charged the jury that under the facts of the case, as they appear in the answer of the defendants, the complainant was entitled to recover. The exception is to the refusal of the Court to charge as requested, and to the charge as given to the jury.

[1.] The matters for consideration here, are, 1st. Whether, as the ancestor, from whom the property descended, died prior to the passage of the Act of 1845, under which the complainant claims, the provisions of the Act apply to this case.

2d. Whether the Act is not an invasion of the marital rights of defendant, Roby, the rights of his wife having accrued before its enactment, and whether, therefore, it does not impair the obligation of his marriage contracts.

We think that no right of Mrs. Roby was impaired by the Act of 1845. At the death of her father she was *sole*, and the Act of the Legislature did not divest a single right that she possessed. Her rights remained the same after the Act that they were before. Her rights would have been the same if her father had not died until the Act was passed. In ei-

Roby et al. vs. Boswell.

ther case, the right to an equal distributive share of his estate would have vested in her. She would have had the right, while *sole*, to have received and had the absolute dominion over it, in either case. To hold that the Act applied to this case, then, will not have the effect of divesting any of her rights to the property. If before marriage she had not reduced the property to possession, the administrator would have held it in trust for her. She did not have the property, but she was entitled to it, and she was entitled to it by inheritance. At the time of her first marriage, then, she was entitled to considerable property by inheritance. The Act of 1845 had then been passed. That Act declares that " whenever any *feme covert* having a child or children living, by a former husband, shall be entitled to property by inheritance, such property shall not belong to the husband of said *feme covert*, as heretofore, but shall be equally divided between all the children of said *feme covert* and said *feme covert.*" When the first husband proposed marriage, he knew that she had no property. He knew also that she was entitled to property by inheritance. He further knew that such parts of that property as he should reduce to possession, during coverture, would become his absolutely, and would be distributable among his heirs at law, upon his death intestate and that such parts of the property as he should not reduce to possession, would, on her second marriage, be divisible between her children of both marriages and herself. Thus far, then, we see no reason why the statute should not apply to this case.

It divested no vested rights, and if the widow had not married a second time, the property which her husband had reduced to possession, he having died intestate, would have been distributable between herself and her child, and the part that he did not reduce to possession would have survived to her and remained hers absolutely.

Roby et al. vs. Boswell.

[2.] This Act cannot impair the obligation of the marriage contract of Roby, the second husband, and is therefore no invasion of his marital rights. The Act was passed long before Roby's marriage, and long before he could have contracted legally a marriage with his wife. The Constitution of the United States prohibits the States from passing laws which shall impair the obligation of contracts existing at the time the law shall be passed. Roby's marriage was after the law and subject to it.

[3.] At the time he contracted marriage with his wife, she had a child by a former marriage, and to that part of the property which descended to her, or to which she became entitled, on the death of her father, as one of his heirs at law, and which her first husband had not reduced to possession, she was entitled by inheritance. As soon as she became the wife of the defendant, Roby, she became a *feme covert*, having a child by a former husband and was entitled to property by inheritance. It is insisted that the statute only applies to cases in which the wife shall become entitled to the property during the coverture; that is, such as she shall inherit during coverture. Such is not the letter of the statute, nor do we construe it to be the spirit of it. The intention was, that in all cases in which the wife was entitled to property by inheritance, and having two or more sets of children, as the property came by her, she and her children should share equally in it. This was the statute at the time the defendant contracted marriage. The statute has no reference to the time at which the right of the wife vested. The only questions to determine his rights are, whether, when the husband seeks to obtain possession of the wife's property, is she entitled to it by inheritance; has she a child or children by a former marriage? These questions being answered affirmatively, the statute applies and fixes the interest he takes.

Judgment affirmed.